THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES STENSON, Appellant. [890 NYS2d 40]—

The court properly admitted testimony that defendant possessed credit cards that had been last seen in the premises where the burglary occurred, even though a motion court had dismissed the counts of the indictment relating to the cards. This evidence clearly linked defendant to the burglary and, contrary to defendant's argument, we find nothing in *People v Resek* (3 NY3d 385 [2004]) to suggest that otherwise admissible uncharged crimes evidence is necessarily rendered inadmissible by a dismissal of charges relating to the conduct at issue. Here, the counts relating to the credit cards were dismissed, with leave to re-present, due to technical gaps in the proof before the grand jury. The dismissal cannot be viewed as "clearing" defendant of possessing the credit cards (*compare Resek*, 3 NY3d at 390) or creating any unfairness about using that possession as proper uncharged crimes evidence. Defendant's argument that the trial jury should have been told about the dismissal is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we likewise reject it on the merits. Concur—Mazzarelli, J.P., Sweeny, Catterson, Freedman and Roman, JJ.